No. 139
WIDRIG v. LEVENSOHN
No. 18903. Supreme Court
Motion to direct the Hamilton Court of Appeals to certify record.
Dock. Jan. 13, 1925, 3 Abs. 34.
997.  REAL ESTATE—Is oral contract for purchase of property, binding when payments in accordance with terms of alleged contract have been made?
Ida Widrig had a written lease for property owned by Joseph Levensohn, from April 1923

until April 1924, with privilege of purchase. At the expiration of the lease, she claims to have entered into an oral agreement to purchase said property, in so doing merely continuing the terms of the lease; and alleges that under such agreement she was to pay certain sums of money at specified intervals.

Widrig avers further that she made said payments on the dates so specified, and when Levensohn was tendered a certified check of $3150 for the last payment, he refused to accept. She declares that extensive improvements on said property were indulged in, and taxes paid, as was also the interest on the first and second mortgages paid by her.

In the Municipal Court of Cincinnati Levensohn was allowed a writ of forcible detainer. When the cause was taken up an error to the Hamilton Common Pleas and again to the Court of Appeals the judgment of said trial court was affirmed. In the trial court the only evidence that was admitted was that ascertaining in whom the title of said property was vested. None as to the purchase by contract was so admitted.

The question raised by Widrig was:

Whether being in peaceable possession under an oral agreement following the terms of the existing lease, she could be evicted from the property for a new contract, prima facie merged all the rights of the parties under the original contract.

Attorneys—Carl A. Magee and Duncan Bradford, for Widrig; Albert Weinstein and Max Schiff, for Levensohn, all of Cincinnati.